WILL SHEARIN V. STATE

No. 27,646. June 15, 1955

*Ben Hagman* and *V. P. Craven,* Weatherford, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for statutory rape; the punishment, ten years in the penitentiary.

The state's evidence shows that after an argument between appellant and his wife she left their home; that soon thereafter appellant and the prosecutrix, who was his wife's thirteen-year-old sister, made a search but were unable to locate her. Prosecutrix testified that they then took a friend to a nearby town; that while returning home about 11 p.m., appellant parked on a side road, kissed her, took down her blue jeans and panties, twisted her arm behind her back and placed his male organ in her female organ and had intercourse with her; that as a result of this act of intercourse she became pregnant and gave birth to a child on September 1, 1954. She further testified that the alleged act occurred about December 20, 1953, and that she learned that she was pregnant about January 20, 1954, but did not report her condition to anyone until June 20, 1954, and then, according to the evidence, because she was "mad" at the defendant "because of the way he had treated her sister." A complaint charging this offense was signed by her on the following day.

Two witnesses testified that appellant had stated to them that he had intercourse with the prosecutrix only one time and that he further said "if it's my baby, it will come in September."

Appellant testified that he did not have intercourse with the prosecutrix at any time, and further denied making the statement that he had only one act of intercourse with her. He offered witnesses to corroborate his denial. A witness for the state testified that the prosecutrix told her she was going to have a baby but did not know who the father was. Another state witness testified that other boys were going with the prosecutrix about the time conception is indicated, one of whom went with her and wanted to marry her after the baby was born and after appellant had been charged with the offense.

Appellant filed application for suspended sentence and the state proved by a number of witnesses that his reputation was bad.

Appellant urges error because the trial court overruled his objection to, and request to strike, certain testimony given during the cross-examination of the state's witness Reed, who was chief of police on the date of the commission of the alleged offense, which complaint arose after said witness had stated that he knew appellant before the commission of the offense here charged and, while being asked about appellant's reputation, he stated:

"Q. Where did you first know him, if anywhere? A. I was called up to investigate a statutory rape case."

Appellant objected to such answer and requested that it be stricken and that the witness answer the question without stating something prejudicial, which he knew to be inadmissible in the case, which objection was by the court overruled.

The testimony shows that the first time the chief of police met the appellant was before the offense here charged was committed and when he was called to investigate a statutory rape case. The inference here is that the appellant was in some way criminally connected with that case. It was calculated to show that he had previously committed acts of the same character as that for which he was then being tried, and thereby created in the minds of the jurors a prejudice against him. This testimony must have weighed heavily against him under the facts here presented in passing upon his credibility as a witness, his application for a suspended sentence and the punishment to be assessed, and calls for a reversal.

In the event of another trial, the testimony of the mother of the prosecutrix that her illness and high blood pressure had been highly aggravated because of what had happened to the prosecutrix should not be admitted. This is likewise true of the testimony regarding a conviction in corporation court for an alleged offense of which that court had no jurisdiction.

For the error above pointed out, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.