**Claudie Leland WALDREP, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36986.**

Court of Criminal Appeals of Texas.

June 10, 1964.

Rehearing Denied Oct. 14, 1964.

F. T. Gauen, Jr., Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, 30 days in jail and a fine of $100.

The contention is advanced that there is no testimony in the record that the appellant was driving a motor vehicle.

The attorney for the state questioned the witness about "the car" the appellant was driving on the streets of Graham. The witness Walker testified that he saw a car skidding which came to rest in an intersection and that "the motor on the vehicle * * * wouldn't start right off. It started a little bit later." He also testified that the car came near to colliding with the gasoline pumps in front of his service station, and that he notified the police and gave them "the license number off the vehicle."

Police Officer Pitts testified that he received a radio call and went to investigate "ah car or automobile which the number had been called into the station * * *"; that "the car came in front of me that I was looking for and I stopped it at the Reed Station"; that the appellant was driving it; that the appellant was "in his car."

■ We find the above evidence sufficient to sustain a finding that the appellant drove a motor vehicle as alleged in the information.

Police Officer Pitts testified that he had known the appellant and had seen him on other occasions; that his appearance was "sloppy"; that he did not have the normal use of his mental and physical faculties and did not talk or act like he did when he had not been drinking; that he had been drinking alcoholic beverages and was drunk.

Sheriff Edwards, who was with Patrolman Pitts, testified that appellant's breath smelled like alcohol; that he talked with him and heard him talk and observed his actions when he knew he had not been drinking intoxicating liquor and that on the occasion in question he was drunk.

Appellant did not testify but called his mother as a witness who testified that he was sober when he came from work and when he left her home.

The jury resolved the issue of appellant's condition as to being intoxicated against him and the evidence is sufficient to sustain their verdict.

■ Upon his direct examination, Patrolman Pitts was asked and answered: "Q. Have you seen him (appellant) when he wasn't drinking? A. I have seen Claude sober lots of times; I have seen him drunk a few times." Appellant's objection was sustained and the jury was instructed not to consider the answer. The court's failure to grant his motion for mistrial is urged as ground for reversal.

The objectionable portion of the answer, "* * * I have seen him drunk a few times," was not responsive or called for by the question. There is no showing of bad faith on the part of the attorney for the state.

We find no reversible error.

The judgment is affirmed.

McDONALD, Judge (dissenting).

I think that the true test of intoxication, or being under the influence of intoxicants, is by testimony adduced showing the opinion formed by the officer, upon the alleged occasion in question, and not how the appellant might have acted upon other occasions. To me, this type of testimony as adduced from Officer Pitts, amounts to allowing this state witness to bolster his own testimony by first saying that he knew the accused, had seen him on other occasions, and that he did not talk or act like he did when he had not been drinking; that he had been drinking alcoholic beverages and was drunk. The same type of testimony was allowed to be given by Sheriff Edwards. It also seems to me to be bolstered testimony.

I think that the most serious question was that propounded to Patrolman Pitts when h. was asked upon direct examination: "Have you seen him (appellant) when he wasn't drinking?" This question was clearly improper and actually implied that the accused might never have been sober. Although the answer: "I have seen Claude sober lots of times;" minimizes the effect of asking the improper question, the question itself should not have been asked. The unresponsive answer given later, "I have seen him drunk a few times", branded the appellant as one who was no doubt drunk on this occasion as he had been drunk previously. This testimony was prejudicial and inflammatory to the appellant's rights. It probably had the same effect upon the jury as an extraneous offense would have had in a felony case. I do not believe that the court could possibly cure the harm done by an instruction to the jury to disregard this testimony. I think that the court should have granted appellant's motion for a mistrial.

This court has reversed cases of this type on numerous occasions. Lovett v. State, 158 Tex.Cr.R. 550, 258 S.W.2d 335 is one example. Williams v. State, 163 Tex.Cr. R. 52, 289 S.W.2d 243 is another example. In Shearin v. State, 162 Tex.Cr.R. 8, 280

S.W.2d 275, Judge Belcher, speaking for the Court said:

"The testimony shows that the first time the chief of police met the appellant was before the offense here charged was committed and when he was called to investigate a statutory rape case. The *inference here is that the appellant was in some way criminally connected with that case. It was calculated to show that he had previously committed acts of the same character as that for which he was then being tried, and thereby created in the minds of the jurors a prejudice against him.*"

As has often been said, it is the policy of the law that an accused is entitled to be tried for the offense charged against him and that proof of the commission of other offenses by the accused is admissible only when coming under some exception to the general rule, such as when the evidence is a part of the res gestae or shows intent, identity, motive, or system when such are issues in the case.

I respectfully dissent.