**William Ross WEST, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41283.**

Court of Criminal Appeals of Texas.

May 22, 1968.

O. H. Harris, Dallas, for appellant.

Henry Wade, Dist. Atty., Douglas Mulder, Al Walvoord, Malcolm Dade and

James M. Williamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Sodomy; the punishment, assessed by the court after a verdict of guilty, six (6) years confinement in the Texas Department of Corrections.

H. A. Amos, a Dallas City police officer assigned to the Vice Section of the Special Service Bureau, was the sole witness for the State. The appellant did not testify or offer evidence in his behalf.

Officer Amos related that in company with a fellow officer he went to the men's public rest room in Union Train Terminal Station in Dallas on August 8, 1966, at approximately 12:10 p. m. He concealed himself in a storage closet equipped with a two-way mirror permitting a view inside the said men's rest room. Amos testified that ten minutes after he entered the storage closet the appellant entered the rest room and shortly thereafter he observed the appellant commit an act of oral sodomy upon another man named Drummond. The sufficiency of the evidence is not challenged and we do not deem it necessary to describe the sordid details revealed by this record.

Appellant initially contends that the court erred in admitting testimony concerning two extraneous offenses, being violations of Article 535c, Vernon's P.C. (indecent exposure to a child) and Article 526, V.A.P.C. (misdemeanor offense of indecent exposure) committed immediately prior to the act of sodomy charged. Officer Amos testified that after the appellant entered the rest room he sat on a commode in an open stall and began to masturbate. Amos was thereafter asked the following questions on direct examination:

"Q. All right, what happened next?

"A. He continued to masturbate and look through the hole over into the pay stall where Drummond was sitting.

"Q. All right, and I'll ask you if while this defendant was masturbating, if anyone had occasion to come into that public restroom?

"A. Yes, sir, there was several persons that came into the restroom.

"Q. All right, and were they all men?

"A. I think there were one or two children that came in there, supposedly with their fathers.

"Q. All right, with older men?

"A. But all of them were men except there was either one or two small children. I know one in particular.

"Q. And the stall that was occupied by this defendant, as you said, was an open stall?

"A. Yes, sir.

"Q. All right, was he masturbating and in plain view of these people that were walking in and out of the restroom using it for a legitimate purpose?

"A. Yes, sir."

■ It is observed that at no time did appellant object to such testimony. Further, it is well settled that "(w)here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." 4 Branch's Anno. P.C.2d, Sec. 2255, p. 618. See Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Cook v. State, Tex.Cr.App., 398 S.W.2d 284; Fuller v. State, Tex.Cr.App., 380 S.W. 2d 619; See also 23 Tex.Jur.2d, Sec. 196, p. 302. Ground of error #1 is overruled.

■ Appellant, in his second ground of error, contends the trial court erred in admitting several statements of inflammatory and prejudicial nature. Officer Amos testified on direct examination that the train station had installed the two-way mirror in the storage closet because of complaints of homosexual activity in the rest room; that a child was present when the appellant was

masturbating (as set out above); that "the act of sodomy was being committed." To none of this testimony did the appellant offer any objection, and we cannot conclude that error is presented.

We find no merit in appellant's claim that error was committed when Officer Amos was asked on direct examination how long he had known appellant and he simply replied, "Since about April of 1964." In addition to the fact that no objection was offered to such testimony, we observe that nothing in the question or answer, nor the context in which the question was asked implied that his "knowing" the appellant was based upon or related to the officer's official duties or any investigation conducted. These facts distinguish the case at bar from Shearin v. State, 162 Tex.Cr.R. 8, 280 S.W.2d 275, where the officer stated he first knew the appellant when he "was called up to investigate a statutory rape case." There the court concluded that the inference was left that the appellant had previously committed acts of the same character as that for which he was on trial. Ground of error #3 is overruled.

The judgment is affirmed.