**Billy Joe JOSHLIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45399.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Rehearing Denied Jan. 24, 1973.

Melvin Carson Bruder, Dallas (Appointed on Appeal), for appellant.

Henry Wade, Dist. Atty. and Catherine Hill, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for felony theft where the punishment, enhanced under Article 63, Vernon's Ann.P. C., was assessed at life.

The sufficiency of the evidence is not challenged. Suffice it to say the record reflects that Vernon Glasgow, a Dallas Police Officer, took his 1966 Dodge Polara automobile to the Dodge City Motor Company in Dallas on October 10, 1969 for repairs. When he returned for the car on October 13th, he found it missing. He did not see his car again until October 16, 1969, when he observed it at the Taylor Pontiac Company.

Billy Jack Brackin, a Taylor Pontiac salesman, testified that on October 15, 1969, he accepted the Dodge automobile in question as a trade-in from the appellant on a new 1969 Pontiac.

Glasgow and those witnesses from the Dodge City Motor Company testified they had not given the appellant or anyone else permission to take the car.

■ Initially, appellant complains the witness Brackin was erroneously permitted to testify "to statements made by the appellant that were not germane to the offense charged."

In the argument advanced under this ground of error, appellant recognizes the fact that he was in unexplained possession of recently stolen property was admissible, but contends there was "no necessity to go into the conversation that he had (with Brackin) concerning the purchase of a new car to show that he was exercising the requisite control necessary to signify the completion of the offense." It is his contention that the conversation revealed the commission of an extraneous offense.

■ It is well established that where the offense charged involves a continuing transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the attendant facts is proper. 4 Branch's Ann. P.C. 2nd Ed. § 2255; Taylor v. State, 420 S.W.2d 601 (Tex.Cr.App.1967); West v. State, 428 S.W.2d 351 (Tex.Cr.App.1968); Smallwood v. State, 464 S.W.2d 846 (Tex. Cr.App.1971); Webb v. State, 472 S.W.2d 760 (Tex.Cr.App.1971).

■ In still another ground of error, the appellant contends the court erred in overruling his motion for instructed verdict since the offense charged "was a continuous transaction with another offense for which the appellant had been previously convicted."

Appellant contends that he had already been convicted of felony theft by false pretext growing out of the transaction at the Taylor Pontiac Company and that this "prior conviction acted as a bar to any further prosecution under the identical facts." See Joshlin v. State, 468 S.W.2d 826 (Tex.Cr.App.1971). Though appellant cites no authority, he appears to be urging an application of the collateral estoppel doctrine of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), for he contends the fact issue of whether the 1966 Dodge automobile had been stolen had already been resolved by the earlier trial.

Without deciding what single conceivable rational issue was decided in the prior

conviction, this court has never considered the applicability of the doctrine of collateral estoppel where the prior trial has resulted in a conviction rather than an acquittal. See Bradley v. State, 478 S.W.2d 527 (Tex.Cr.App.1972).

■ Appellant further complains the court erred in permitting testimony concerning an extraneous offense. He contends that "Officer D. W. Hamner was permitted to testify that he had received a radio broadcast concerning a 1969 automobile and shortly after receiving this broadcast saw the defendant get into the described automobile," and that he then arrested the appellant.

On direct examination, Officer Hamner testified to the facts surrounding appellant's arrest and did not give testimony concerning an extraneous offense. On cross examination, the appellant developed the fact that the arrest was for an offense other than the offense charged in the indictment.

We need not consider whether the testimony complained of was admissible as to circumstances surrounding an accused's subsequent arrest,[1] nor whether it was admissible under an exception to the general rule prohibiting admission of extraneous offenses, since the State's case was one of circumstantial evidence,[2] for having interjected and developed the fact that an extraneous offense. had been committed, the appellant is in no position to complain.

■ Appellant also contends the trial court violated his right to a fair and impartial trial by making frequent comments about his presentation of the case. He calls our attention to six separate comments by the court, all of which deal with admonishments to defense counsel not to "ask immaterial questions," quit "killing time" and "get on with your questions," "you are wandering all over the lot. That's an improper observation and question," etc.

We first observe that the record appears to justify the admonishments given, and next note that no objection was made to any of the court's remarks and that no request was made to instruct the jury to disregard the same. It would not appear that the matter is properly before us in absence of a timely objection. See Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49 (1960); Alejandro v. State, 394 S.W.2d 523 (Tex. Cr.App.1965).

Even if it can be argued that the matter is properly presented for review and even if the remarks could be construed as comments on the weight of the evidence there must be found in the remarks a benefit to the State or an injury to the accused in order to constitute a violation of Article 38.-05, Vernon's Ann.C.C.P. We find neither such benefit nor such injury in the court's remarks. See Garcia v. State, 427 S.W.2d 897, 900 (Tex.Cr.App.1968); Smith v. State, 446 S.W.2d 317, 319 (Tex.Cr.App. 1969).

The trial court must maintain broad discretion in controlling the interrogation of witnesses and the general conduct of the trial. If the conduct of counsel is such that repeated admonishments are called for, it is perhaps better practice to do so in the absence of the jury. But the admonishments in the instant case certainly do not present reversible error.

Appellant also urges the court committed reversible error by permitting the witness Brackin to testify that he identified the ap-

---

1. See Wortham v. State, 134 Tex.Cr.R. 626, 115 S.W.2d 650 (Tex.Cr.App.1938); Lenzi v. State, 456 S.W.2d 99 (Tex.Cr. App.1970); 11 Tex.Digest, Criminal Law § 351(2) and cases there collated.

2. In 23 Tex.Jur.2d Evidence § 197, pp. 304, 305, it is written: " . . . [W]here it is sought to show the guilt of the accused by circumstantial evidence, evidence of his commission of other offenses is admissible, provided that it tends to connect him with the particular offense for which he is on trial. . . . "

pellant at a "lineup" or showup which had been conducted in violation of appellant's constitutional rights.

Prior to trial, the appellant objected to the witness' in-court identification claiming it was tainted by a prior showup at the police station. The court, noting it had heard a companion case and was familiar with the facts, overruled the motion.

Thereafter, the witness Brackin made his in-court identification of the appellant as the man who was in possession of the stolen vehicle in question, it being shown that he was in the presence of the appellant for two hours on the occasion involved and had adequate opportunity to closely observe him. Brackin was positive in his identification. The State at no time attempted to bolster such in-court identification by offering testimony of another identification.

However, on cross examination, the appellant elicited from the witness the fact that he had been called to the police station and ushered into a room where the appellant was the only black except a police officer known to the witness. The facts surrounding this showup were fully developed before the jury by the appellant, and, thereafter, he requested no further relief.

█ The Supreme Court has condemned the practice of showing suspects singly to a person for the purpose of identification and not as a part of a lineup. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Not every such showup, however, violates due process. It is only where from the totality of the circumstances that it is determined that the conduct of the identification procedure was so unnecessarily suggestive that a denial of due process is involved.

█ In the instant case, there was no such showing. Further, it was not the State who sought to use such evidence but the appellant who injected it into evidence. The in-court identification offered by the State was shown to be based on personal observations and to be of independent origin.

We perceive no error.

█ Appellant advances the contention that the trial court erred by permitting the prosecutor "to make improper and prejudicial remarks during final argument."

At the guilt stage of the trial, the prosecutor argued:

"Did he not succumb to the temptation twice, at least two times: the open door temptation? Then, the second time when he had that other car and was driving it around and just couldn't stand it, just couldn't stand it. Had himself another one and, yes, indeed, he traded up."

The sole objection was "that he is not being tried for the theft of the Bonneville Pontiac in this trial," which was overruled without further request for relief.

The argument was clearly a reasonable deduction from the evidence already determined to be properly admissible. We perceive no error under the circumstances described.

The judgment is affirmed.