Opinion issued May 31, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01027-CR






CARL EDWARD GOODALL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1034792






MEMORANDUM OPINION

 Appellant, Carl Edward Goodall, appeals the trial court's judgment convicting
him of aggravated robbery with a firearm. See Tex. Pen. Code Ann. § 29.03(a)(2)
(Vernon Supp. 2006). Appellant pleaded not guilty. A jury found appellant guilty,
and the trial court assessed punishment at the minimum of 25 years' imprisonment
after accepting appellant's pleas of true to two enhancement paragraphs. See Tex.
Pen. Code Ann. § 12.42 (Vernon Supp. 2006). In his sole issue on appeal, appellant
contends that he was denied effective assistance of counsel when his trial attorney
"failed to challenge the highly suggestive one-person identification procedure." We
conclude that appellant has not shown that the trial court would have excluded the
identifications by the witnesses, even if his trial attorney had filed a motion to
exclude their testimony. We affirm.

Background

 On the evening of February 18, 2005, as it was "getting dark," complainant was
riding his bike to a corner store in his neighborhood. He saw a friend and stopped to
talk with her. While the two were talking, complainant's friend ran behind a tree
when she saw a man crossing the street with a gun. Complainant's friend recognized
the man with the gun as someone with whom she had spoken briefly a few minutes
earlier. The man stood next to the back bicycle tire with a shotgun as he told
complainant to get off the bicycle. Complainant "dropped the bicycle and took off
running" to a nearby porch. 

 Using her mobile phone, complainant's friend called the police, who responded
quickly. Complainant and his friend each described the robber. Complainant stated
that the robber as a "black male [wearing a] black jacket, black pants, approximately
6 feet, 200 pounds, with a shotgun." Complainant also told police that the man was
wearing a red pullover with a hood. Complainant's friend described the man as being
"dark," wearing a long coat and "like this sweatshirt . . . got a hood go to it, he had
a red hood, a red hood with the jacket thing and he had a cap, a cap over his head."
She also described the shotgun to police. Complainant's friend said she could see the
man because of a yard light. 

 After speaking with complainant and his friend, several police officers
searched the area for the perpetrator. Officers detained appellant about a half-mile
from the site of the robbery as he walked through a parking lot with a shotgun in his
hand. According to the officer, appellant seemed "high on drugs." Appellant did not
have a bicycle with him; complainant's bicycle was never recovered. 

 The officer drove appellant to meet complainant and his friend to allow them
the opportunity to try to make an identification. Complainant and his friend viewed
appellant inside the patrol car and illuminated by the vehicle's interior lights; they
also viewed appellant outside the car. Both complainant and his friend "in a matter
of seconds" identified the appellant as the person who had committed the robbery. 
They also identified the shotgun that appellant had been carrying when he was
detained by police officers as the same gun that was used in the robbery. 

 Complainant and his friend testified at trial and identified appellant as the
robber without objection from appellant's counsel. Complainant's friend testified
that although appellant was no longer wearing the long coat, she was able to identify
appellant because he was wearing the "red hood thing" and the "tennie [sic] shoes"
that the perpetrator had been wearing. Both witnesses reported that no one suggested
that appellant was the person who committed the robbery or pressured them into
identifying appellant.

 Appellant denied committing the offense. Appellant testified that he had been
doing a carpentry job with his brother-in-law on the day of the robbery. At "about
8:00 [or] 8:30," appellant and his brother-in-law finished the job and were walking
to the bus stop when a man approached them and offered to sell them the shotgun. 
Appellant asserted that he bought the gun because he "needed a gun around the
house." Appellant claims that not long after buying the gun, he was arrested while
walking down a street with the gun in his possession. Although appellant's trial
counsel did not move to suppress the identification evidence, he challenged the
accuracy of the witnesses' identification by cross-examination and by arguing
mistaken identity to the jury in closing arguments. 

Ineffective Assistance of Counsel

 In his sole issue in this appeal, appellant contends that he was denied effective
assistance of counsel because his trial attorney did not file a motion to suppress the
witnesses' identification of appellant that resulted from the highly prejudicial one-person showup (1) just minutes after the robbery. 

 The standard for evaluating ineffective assistance of counsel claims is set forth
in Strickland v. Washington. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see
also Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State,
916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). To be entitled to
a new trial because his trial counsel was ineffective, appellant must show (1) that
counsel's performance was so deficient that he was not functioning as acceptable
counsel under the Sixth Amendment, and (2) that but for counsel's error, the result
of the proceedings would have been different. See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064; Gamble, 916 S.W.2d at 93.

 In determining whether the Strickland test has been met, we focus on the
totality of the representation afforded and not on individual, alleged errors. See Ex
parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). The defendant bears
the burden of proving ineffective assistance of counsel. Strickland, 466 U.S. at 687,
104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A defendant must overcome the
presumption that the challenged action might be considered sound trial strategy under
the circumstances. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Gamble, 916
S.W.2d at 93. A claim of ineffective assistance of counsel must be firmly supported
in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). An
appellate court will not speculate to find an attorney ineffective. Gamble, 916 S.W.2d
at 93. In rare cases, however, the record can be sufficient to prove that counsel's
performance was deficient, despite the absence of affirmative evidence of counsel's
reasoning or strategy. Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App.
2000). 

 A trial court's failure to file a motion to suppress evidence is not per se
ineffective assistance, and counsel is not required to engage in the filing of futile
motions. Hollis v. State, No. 03-04-00550-CR, 2007 WL 486602, at *5 (Tex.
App.--Austin Feb. 16, 2007, no pet.) (citing Kimmelman v. Morrison, 477 U.S. 365,
384, 106 S. Ct. 2574, 2587 (1986)); see Mooney v. State, 817 S.W.2d 693, 698 (Tex.
Crim. App. 1991). We will not find trial counsel's assistance to be ineffective for
failing to file a motion to suppress evidence when we conclude that such a motion
was unlikely to have been successful. Hollis, 2007 WL 486602, at *9.

 The record shows that a motion to suppress the identification evidence was
unlikely to have succeeded. See id. When faced with a challenge to an out-of-court
identification, a trial court must look to the totality of the circumstances surrounding
the identification to determine whether a procedure was so unnecessarily suggestive
and conducive to irreparable mistaken identification that the defendant was denied
due process of law. See Webb v. State, 760 S.W.2d 263, 269, 272 (Tex. Crim. App.
1988). The trial court must determine (1) whether the identification procedure was
impermissibly suggestive, and (2) whether the suggestive procedure gave rise to a
very substantial likelihood of irreparable misidentification. Barley v. State, 906
S.W.2d 27, 33 (Tex. Crim. App. 1995). A defendant must prove each prong by clear
and convincing evidence. Goldberg v. State, 95 S.W.3d 345, 378 (Tex.
App.--Houston [1st Dist.] 2002, pet. ref'd) (citing Barley, 906 S.W.2d at 33-34).

 When evaluating whether a defendant has satisfied the second prong of the
admissibility test, the trial court must consider the factors enumerated in Neil v.
Biggers to determine whether the suggestive procedure gave rise to a substantial
likelihood of irreparable misidentification. 409 U.S. 188, 199, 93 S. Ct. 375, 382
(1972). These five factors include: (1) the opportunity to view the criminal at the
time of the crime; (2) the witnesses' degree of attention; (3) the accuracy of the
witnesses' prior description of the criminal; (4) the level of certainty demonstrated
by the witnesses at the confrontation; (5) the length of time between the crime and
confrontation. Barley, 906 S.W.2d at 34-35. A one-person showup does not by itself
violate due process. See Biggers, 409 U.S. at 198, 93 S. Ct. at 382. 

 Applying the five factors to the evidence in the record supports the
admissibility of the out-of-court identification. Concerning the first factor, the
witnesses had ample opportunity to view the robber, as he was standing at the rear
wheel of complainant's bicycle when the confrontation took place. Additionally,
complainant's friend spoke with appellant before the robbery took place. Under the
second factor, the witnesses' degree of attention, the record shows that the witnesses
were able to describe appellant with detail, indicating a high degree of attention. The
third factor also points in favor of admission. The descriptions were shown to be
accurate by the police finding appellant wearing clothing similar to that described by
both witnesses. Although appellant no longer wore a coat when he was arrested, he
wore the red jacket with hood and tennis shoes that he had worn during the robbery. 
Additionally, appellant was arrested carrying a gun that also matched the witnesses'
description. Under the fourth factor, the witnesses were certain of their
identifications at the time of the showup, identifying appellant as the robber in a
matter of seconds. The fifth factor, the length of time between the crime and the
confrontation, also points in favor of admission of the evidence because only minutes
passed between the robbery and the officer returning with appellant in custody. 

 Having weighed the five Biggers factors, we conclude that any motion to
suppress that appellant's trial counsel might have filed would have been unlikely to
succeed. See Goldberg, 95 S.W.3d at 378 (stating that defendant must show by clear
and convincing evidence that suggestive procedure gave rise to very substantial
likelihood of irreparable misidentification to prevail in motion to suppress
identification evidence). We hold that because he has not shown that the trial court
likely would have granted the motion to suppress the identification evidence,
appellant has not met his burden of proving ineffective assistance of counsel. See
Hollis, 2007 WL 486602, at *9.

Conclusion

 We affirm the judgment of the trial court.




 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Do not publish. Tex. R. App. P. 47.2(b).
1. A showup is an identification procedure where the suspect is shown independently to
a person, rather than as part of a multiple-person lineup. See generally Joshlin v.
State, 488 S.W.2d 773, 777 (Tex. Crim. App. 1972) (citing Stovall v. Denno, 388 U.S.
293, 302, 87 S. Ct. 1967, 1972 (1967)).