COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| ROBERT SADA, | | No. 08-10-00315-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 227th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Bexar County, Texas |
| | § | |
| Appellee. | § | (TC # 2007CR3483 |

**O P I N I O N**

Robert Sada appeals his conviction for aggravated sexual assault of a child. In three issues, Appellant complains that the trial court committed reversible error by (1) improperly threatening defense counsel with contempt in the presence of the jury; (2) denying his motion for new trial based on the threats of contempt; and (3) denying his motion for new trial on the grounds that the jury's verdict was improperly influenced by court spectators. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Appellant was charged by indictment with eight counts of aggravated sexual assault of his granddaughter, M.S. He pled not guilty and the case proceeded to trial. The jury found him guilty on all counts in the indictment and assessed punishment at fifty years' imprisonment.

Appellant filed a motion for new trial predicated on three different grounds. First, he argued that he was denied effective assistance of counsel because the trial judge threatened to hold his attorney in contempt. This purportedly undermined counsel's credibility in the minds of the jurors. Second, Appellant complained that the trial judge committed two material errors

which were calculated to injure his rights as the accused. The first related to the trial judge's threat to hold defense counsel in contempt while the jury was within earshot. The second contended the trial judge allowed M.S. to stage an entrance into court before testifying. Regarding this second error, the motion alleged:

> When called to the witness stand by the State, [M.S.] entered the courtroom surrounded by a phalanx of individuals best-described as a motorcycle gang. As she reached the bar before the Court, [M.S.] emerged from this phalanx and took her seat at the witness stand, while the motorcycle gang members took seats in the front row of the courtroom immediately adjacent to the jury box. Each member of the motorcycle gang wore identical jackets and vests bearing insignia unique to their organization. Upon completion of her testimony, the complainant staged a similar exit from the courtroom. Defense counsel later learned that the insignia of the motorcycle gang identified them as members of an organization known as 'Bikers Against Child Abuse.' The obvious import of this entrance and exit display was to exert an improper and undue influence upon the jury. By permitting this improper display, the Court committed a material error calculated to injure the rights of the accused.

Finally, Appellant argued the jury's verdict was contrary to the law and evidence because:

> During the guilt-innocence phase of trial, Defense counsel elicited testimony from the complainant, [M.S.], that she had not been sexually assaulted by the Defendant prior to Christmas of 2004. Consequently, the State was unable to prove beyond a reasonable doubt the allegations contained in Counts I and II of the indictment, which alleged an offense 'on or about the 28th day of December, 2003.' Thus, the verdict was contrary to the law and evidence.

The motion for new trial was overrule by operation of law.

### THREAT OF CONTEMPT

In Issue One, Appellant complains of the following comments made by the trial judge to defense counsel during his cross-examination of the CPS investigator.

THE COURT: Can I see the attorneys up here, please.

(At the bench)

THE COURT: You said that loud enough for everybody to hear. One more time and I will hold you in contempt. Sit down.

MR. RAIGN [Defense Counsel]: You should, and I apologize Your Honor.

THE COURT: Sit down.

(End of bench discussion)

THE COURT: Anything else?

MR. RAIGN: We're going to pass the witness, Your Honor.

The record does not reflect what counsel said that was "loud enough for everybody to hear" and prompted the bench conference. But Appellant complains that the threat to hold defense counsel in contempt was so prejudicial so as to deny him his constitutional rights to a fair trial, due process of law, due course of law, and effective assistance of counsel.

### *Preservation Of Error*

Generally, an appellant must object to a trial judge's comments, or other conduct, during trial to preserve error for appeal. *Blue v. State*, 41 S.W.3d 129, 131 (Tex. 2000)(plurality opinion); TEX.R.APP.P. 33.1. An accused cannot complain of error on appeal if he fails to (1) object to any act by or remarks of the court at trial, (2) request an instruction that the jury disregard the remarks, or (3) move for a mistrial. *See Drake v. State*, 450 S.W.2d 625, 628 (Tex.Crim.App. 1970)(where there was no objection to trial court calling district attorney to bench and having whispered conversation with him and there was no showing as to contents of conversation and matter was not presented by either formal or informal bill of exception, nothing was presented for review.). Nevertheless, some rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system. *Blue*, 41 S.W.3d at 131, *citing Marin v. State*, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993), *overruled on other grounds, Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). "A principle characteristic of these rights is that they cannot be forfeited." *Id*. In other words,

where a judge's remarks are of such a nature as to deprive the defendant of due process of law under the 14th Amendment, the defendant's inaction is insufficient to waive his rights. *Id*. at 137; *see Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972).

*Analysis*

Appellant candidly acknowledges that he did not object at trial, but he maintains that the constitutional restraints on the comments of a judge are absolute rights which cannot be waived. In support of his argument, he directs us to *Blue* and argues that the trial court's threat to hold defense counsel in contempt, in the jury's presence, "was so prejudicial as to deny Appellant his right to a fair trial, due process of law, due course of law and effective assistance of counsel as guaranteed by the United States Constitution and the Texas Constitution. " Even assuming the comments at the bench conference were made within the jury's hearing, this does not constitute one of the "few cases where the judge's statements when viewed objectively are so egregious as to render him biased." *Blue*, 41 S.W.3d at 138 (Keasler, J., concurring).

In *Blue*, the trial judge apologized to the venire for the long wait and explained that the delay was due to the defendant's indecisiveness on entering a plea agreement. *Blue*, 41 S.W.3d at 130. The judge also expressed his opinion that, "he would have preferred that the defendant plead guilty." *Id*. These specific comments "'vitiated the presumption of innocence' before the venire, adversely affecting appellant's right to a fair trial," and therefore the comments "were fundamental error of constitutional dimension and required no objection." *Id*. at 132. Here, Appellant has not directed our attention to any comment that allegedly tainted the presumption of innocence. *See Blue*, 41 S.W.3d at 132. He complains of a single instance where the judge admonished defense counsel. What counsel said or did to prompt the bench conference cannot be discerned from the record, and we will not speculate that the admonishment was not justified.

We are also guided by *Joshlin v. State*, 488 S.W.2d 773 (Tex.Crim.App. 1972). There, the appellant complained that the trial court admonished defense counsel six separate times, telling him "not to 'ask immaterial questions,' quit 'killing time' and 'get on with your questions,' 'you are wandering all over the lot. That's an improper observation and question.'" *Joshlin*, 488 S.W.2d at 776 (internal quotations omitted). There were no objections lodged. "Even if it can be argued that the matter is properly presented for review," said the court, the comments did not demonstrate reversible error. *Id*. Citing the general rule that the trial court must maintain broad discretion in controlling the general conduct of the trial, the court opined that if counsel's conduct is such that it calls for *repeated* admonishments, "it is perhaps better practice to do so in the absence of the jury." *Id*.

We are presented with one unexplained comment at a bench conference. We know not whether it was overheard by any juror. *See Sifford v. State*, 505 S.W.2d 866, 868 (Tex.Crim.App. 1974)("We have considered the Court's admonishments and find they were fully justified by counsel's conduct," where the trial judge told defense counsel to "shut up and sit down" in the presence of the jury, and repeatedly admonished him and where only one trial objection was made); *see also Liteky v. United States*, 510 U.S. 540, 554, 555-56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)(stating: (1) "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"; (2) "[n]ot establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even . . . judges, sometimes display"; and (3) "a judge's ordinary efforts at courtroom administration--even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune."). Finding no error, we overrule Issue One.

## MOTION FOR NEW TRIAL

In Issues Two and Three, Appellant complains that the trial court denied a hearing on his motion for a new trial. The State responds that Appellant failed to timely present the motion to the court and therefore cannot complain on appeal.

### *Standard of Review*

"When an accused presents a motion for new trial raising matters not determinable from the record, which could entitle him to relief, the trial judge abuses his discretion in failing to hold a hearing." *King* v. State, 29 S.W.3d 556, 569 (Tex.Crim.App. 2000). However, a defendant bears the burden of presenting a motion for new trial to the trial court within ten days of being filed. *Gardner v. State*, 306 S.W.3d 274, 305 (Tex.Crim.App. 2009); *see* Tex.R.App.P. 21.6. "The purpose of the presentment rule is 'to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it.'" *Hiatt v. State*, 319 S.W.3d 115, 122 (Tex.App.--San Antonio 2010, pet. ref'd), *citing Stokes*, 277 S.W.3d at 21(internal citations omitted). If a motion for new trial is not timely presented, the trial court is under no requirement to conduct a hearing. *See* TEX.R.APP.P. 21.6; *Rozell v. State*, 176 S.W.3d 228, 230 (Tex.Crim.App. 2005).

There are many ways to show presentment of a motion for new trial to the trial court. *See Hiatt*, 319 S.W.3d at 122. For example, notice may be evidenced by a judge's signature on a proposed order or by a hearing date set on the docket. *See Gardner*, 306 S.W.3d at 305; *Carranza v. State*, 960 S.W.2d 76, 79-80 (Tex.Crim.App. 1998). Regardless of the method, "presentment" requires a defendant to go beyond simply filing the motion with the clerk. *Stokes,* 277 S.W.3d at 21, 24; *Hiatt*, 319 S.W.3d at 122. The record must show the movant actually

delivered the motion to the trial court or otherwise brought it to the court's attention. *Carranza*, 960 S.W.2d at 79.

*Analysis*

Appellant timely filed a motion for new trial on July 8, 2010. The record does not contain a ruling or a proposed order bearing the judge's signature. There are no docket entries evidencing a hearing. The only suggestion of presentment is a recitation in the motion itself directly below the certificate of service entitled "Certificate of Presentation" which is signed only by Appellant's attorney.

> I certify that I am counsel for Defendant in this cause and that I presented this Motion for New Trial to the trial court on July 8, 2010, within 10 days after filing it.

Citing *Hiatt,* the State counters that the certification of presentation is wholly insufficient. The case is factually similar. There was no ruling on Hiatt's motion for new trial. The trial judge's signature did not appear on either Hiatt's motion or the proposed orders accompanying the motion. There were no entries on the docket sheet regarding the setting of a hearing date. *Hiatt*, 319 S.W.3d at 123. Like Appellant here, Hiatt argued that a statement in the motion for new trial -- "THE DEFENDANT HEREBY PRESENTS THIS MOTION TO THIS HONORABLE COURT" -- was sufficient proof of presentment. *Id*. The court of appeals rejected his argument. *Id*. at 122-23, *citing Burrus v. State*, 266 S.W.3d 107, 115-16 (Tex.App.-- Fort Worth 2008, no pet.); *Kaluza v. State*, No. 01-07-00737-CR, 2008 WL 2465891, *3 (Tex.App.--Houston [1st Dist.] 2008, no pet.)(mem. op., not designated for publication)(holding a "certificate of presentation" appearing on the last page of appellant's motion for new trial did not establish presentment); *Larue v. State*, No. 09-05-145-CR, 2007 WL 1501646, *12 (Tex.App.--Beaumont 2007, pet. ref'd)(mem. op., not designated for publication)(holding a

statement in the motion for new trial entitled "certificate of presentment" in which appellate counsel stated the motion was hand-delivered to the trial court insufficient to establish presentment); *Owens v. State*, 832 S.W.2d 109, 111-12 (Tex.App.--Dallas 1992, no pet.), *overruled on other grounds*, *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App. 1994)(holding a "Certification of Service and Presentment" was insufficient to establish the trial court received actual notice of the defendant's motion for new trial).

We conclude that the evidence is insufficient to establish presentment. Consequently, we overrule Issues Two and Three and affirm the judgment of the trial court.


March 14, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice


Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)