



# MEMORANDUM OPINION

No. 04-10-00886-CR

George **BARNES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR12209
Honorable Raymond Angelini, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  November 2, 2011

AFFIRMED AS REFORMED

After a bench trial, the trial court found appellant George Barnes guilty of aggravated sexual assault of a child and indecency with a child by contact.  Barnes pled true to an enhancement allegation and the trial court sentenced him to confinement for life.  On appeal, Barnes contends the evidence is legally insufficient.  We affirm the trial court's judgment as reformed.

Before we can begin our review of Barnes's allegation, we must determine what offenses Barnes was actually convicted of in the trial court. Barnes contends he was convicted of two counts of aggravated sexual assault of a child, Counts III and IV of the indictment, and a single count of indecency with a child, Count V of the indictment. The State argues Barnes is incorrect, asserting he was convicted of one count of aggravated sexual assault of a child, Count II of the indictment, and two counts of indecency of a child, Counts IV and V of the indictment. The dispute is whether Count IV of the indictment alleged aggravated sexual assault of a child or indecency with a child by contact. It is critical to make this determination because Barnes challenges only the legal sufficiency of the evidence to support his conviction under Count IV, but does so based on the assumption he was convicted of aggravated sexual assault of a child.

Count IV of the indictment alleges Barnes "caused the FINGER of THE DEFENDANT to CONTACT the SEXUAL ORGAN of [the victim], a child who was younger than 14 year [sic]." Clearly, Count IV does not allege aggravated sexual assault because that offense requires more than mere contact; it requires actual penetration. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(1) (West 2011) (providing in pertinent part that person commits offense of aggravated sexual assault if he "causes the penetration of . . . the sexual organ of a child by any means."). Thus, Count IV alleges indecency with a child by contact, though with more detail than ordinarily contained or needed in an indictment. *See id.* § 21.11(a)(1), (c)(1) (providing in pertinent part that person commits offense of indecency with child by contact if, "with a child younger than 17 years of age . . . the person . . . engages in sexual contact with the child," and defining "sexual contact" as "any touching by a person, including touching through clothing, of . . . any part of the genitals of a child."); *see also State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008) (holding evidentiary matters need not be alleged in charging instrument).

Accordingly, we hold Count IV alleges indecency with a child by contact, not aggravated sexual assault of a child. We will, therefore, review Barnes's challenge as a legal sufficiency challenge to sustain his conviction for the offense of indecency with a child by contact as alleged in Count IV of the indictment.

We note that in its judgments, the trial court incorrectly states Barnes was convicted under Counts IV and V with aggravated sexual assault of a child. The State requests that we reform the judgments to accurately reflect the offenses for which Barnes was tried and convicted.

## BACKGROUND

N.J. testified she was acquainted with Barnes and he came to her home on several occasions to help her with certain projects, e.g., cleaning out the garage, and sometimes spent the night.[1] At the time Barnes visited her home, N.J. lived in the house with two of her children, including her then six-year-old daughter J.J. According to N.J., around the time of Barnes's visits, her daughter J.J. out cried to her, claiming Barnes had sexually assaulted her. Although J.J. told her mother about the alleged sexual assault in March 2009, N.J. waited several months before contacting authorities, claiming she was trying to obtain more information about Barnes. At trial, the defense pointed out it was only when N.J. was under investigation by Child Protective Services that she reported J.J.'s outcry against Barnes.

At trial, J.J., who was now eight years old, testified she had known Barnes when she was six years old and did not like him because he was mean and "touched [her] where he wasn't supposed to." She specifically stated Barnes touched her "[i]n my private," explaining her "private" was "[i]n front." Using anatomically correct dolls, J.J. showed the court how and where Barnes touched her. J.J. said Barnes touched her more than once–at least once with her clothes off and three other times with her clothes on. When he touched her with her clothes off,

---

[1] N.J. denied having a sexual relationship with Barnes and denied using drugs or alcohol.

J.J. was sleeping in her mother's bed. J.J. stated Barnes, who was naked, touched her with his "hand and his middle," demonstrating what she meant by middle with the doll. J.J. also stated Barnes put his "middle" "[i]n mine" and "[i]t hurt." J.J. also stated Barnes touched her in the "same place" with his hand when her clothes were on. J.J. testified no one other than Barnes ever touched her in the ways she described.

J.J.'s brother, A.J., also testified. He stated Barnes was a friend of his mother's and sometimes visited their home. A.J. recalled a time when he was sleeping in his mother's bed with J.J. and awoke to find Barnes in the room. A.J. testified he saw Barnes touching J.J.'s "private." A.J. admitted on cross-examination that J.J. had her clothes on when this happened and he could not see her body parts. However, he stated Barnes had his hand inside J.J.'s clothing "near her private" and in "her front."

J.J. was examined by two doctors and both testified at trial. Both doctors stated they observed vaginal redness and a labial adhesion. Dr. Nancy Kellogg explained these conditions were not necessarily caused by sexual abuse, but sexual abuse might have caused them. Dr. Amy Gavril testified J.J. reported Barnes touched her genitals with his hands. Dr. Gavril also testified J.J. stated during the interview that there was digital-vaginal penetration and oral-genital penetration.

Barnes was ultimately arrested and indicted on three counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. The trial court found him guilty of one count of aggravated sexual assault and two counts of indecency with a child by contact. After the trial court rendered its judgment, Barnes perfected this appeal.

**ANALYSIS**

Barnes raises a single issue, claiming the evidence was legally insufficient to support a finding of guilt as to Count IV of the indictment, which we have already determined was an allegation of indecency with a child by contact. More specifically, Barnes claims there was no evidence to establish Barnes caused J.J.'s female sexual organ to contact his hand. The State counters the evidence was sufficient, but asks this court to reform the judgment to correctly reflect that the conviction pursuant to Count IV of the indictment was a conviction for indecency with a child by contact, not aggravated sexual assault of a child.

### *Standard of Review*

We review the sufficiency of evidence supporting a criminal conviction under the *Jackson v. Virginia* legal sufficiency standard of review. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Jackson v. Virginia*, 443 U.S. 307 (1979). The proper question for this court is whether considering all of the evidence in the light most favorable to the verdict, the factfinder was "rationally justified in finding guilt beyond a reasonable doubt." *Brooks*, 323 S.W.3d at 899. It is the factfinder's province "to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. The factfinder is the "sole judge of the weight of the evidence and may choose to believe all, some, or none of it." *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995) (en banc); *see also* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007) (providing that "[u]nless otherwise provided in this Code, the jury is the exclusive judge of the facts"); TEX. CODE CRIM. PROC. ANN. art. 38.04 (West Supp. 2010) (providing that "jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony.") In the event of a guilty verdict, we must presume the trier of fact resolved conflicts in favor of

the State and defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Our duty under this standard is thus limited to ensuring that "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

### *Application*

To prove Barnes committed the offense of indecency with a child by contact, as alleged in Count IV of the indictment, the State had to prove Barnes touched J.J.'s genitals. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c)(1). If Barnes touched J.J.'s genitals, even through her clothing, he is guilty of the charged offense. *See id.*

As noted above, J.J. testified Barnes "touched [her] where he wasn't supposed to." She said Barnes touched her "[i]n my private," and explained her "private" was "[i]n front." Using anatomically correct dolls, J.J. showed the court how and where Barnes touched her. J.J. said Barnes touched her "private" more than once, including three times when her clothes were on. J.J. testified Barnes touched her in the "middle" with his hand when her clothes were on.

The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. *E.g.*, *Hiatt v. State*, 319 S.W.3d 115, 121 (Tex. App.—San Antonio 2010, pet. ref'd); *Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.); *Glockzin v. State*, 220 S.W.3d 140, 147 (Tex. App.—Waco 2007, pet. ref'd); *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003), *overruled on other grounds by Taylor v. State*, 268 S.W.3d 571 (Tex. Crim. App. 2008). Moreover, child victims of sexual crimes are given great latitude when testifying and are not expected "to testify with the same clarity and ability as is expected of a mature and capable adult." *Hiatt*, 319 S.W.3d at 121 (citing *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990)). Given her age, J.J. provided a reasonably detailed

description of the sexual abuse. She gave specific information regarding the time frame, information as to where the abuse occurred, and the manner in which she was abused. The trial judge was able to observe J.J. on the stand under direct and cross examination.

Accordingly, we hold J.J. provided sufficient evidence to establish Barnes committed the offense of indecency with a child by contact. We overrule his sole issue.

## CONCLUSION

There was sufficient evidence to prove Barnes committed the offense of indecency with a child by contact as charged in Count IV of the indictment. With regard to the State's request that we reform the judgment, the record reflects Barnes was found guilty of the offenses alleged in Counts III, IV, and V of the indictment. Our review of the indictment reveals Count III alleged aggravated sexual assault of a child, Count IV alleged indecency with a child by contact, and Count V alleged indecency with a child by contact. However, the judgments as to Counts IV and V incorrectly indicate Barnes was convicted of aggravated sexual assault of a child. Therefore, we agree with the State that the judgments must be reformed. We order the judgments as to Counts IV and V reformed to reflect convictions under Counts IV and V for indecency with a child by contact, enhanced because of Barnes's plea of true to the enhancement paragraph. As reformed, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish