*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★     ★ ★ ★

# OPINION

No. 04-09-00270-CR

James R. **HIATT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 06-CR-2741
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice

Delivered and Filed: April 28, 2010

AFFIRMED

James Hiatt was charged with committing the offenses of indecency with a child and aggravated sexual assault of a child. A jury found Hiatt guilty of five counts of indecency with a child and four counts of aggravated sexual assault of a child. The jury assessed Hiatt's punishment at 20 years confinement for each count of indecency with a child and 60 years confinement for each count of aggravated sexual assault of a child. Hiatt appeals his convictions, raising twenty-nine issues on appeal. We affirm the trial court's judgment.

## BACKGROUND

The complainant, D.H., joined the Boy Scouts when he was around 12 or 13 years old. Hiatt was D.H.'s assistant Scout Master. D.H.'s mother permitted D.H. to spend about every other weekend at Hiatt's home from 2004 until November 2005. D.H. would go to Hiatt's house on Friday and return home on Sunday. Over the course of D.H.'s visits, Hiatt allegedly began engaging in sexual acts with D.H. These acts included masturbation and anal intercourse.

A neighbor reported Hiatt to the authorities in November 2005, after she observed him engage in an inappropriate act with D.H. Hiatt was subsequently arrested and indicted for the offenses of indecency with a child and aggravated sexual assault of a child. He pleaded not guilty and proceeded to a jury trial. The jury found Hiatt guilty of five counts of indecency with a child and four counts of aggravated sexual assault of a child, but acquitted Hiatt of one count of indecency with a child. Hiatt was sentenced to 20 years confinement for each count of indecency with a child by contact and 60 years confinement for each count of aggravated sexual assault of a child, with the sentences to run concurrently.

Hiatt filed a motion for new trial following his convictions, which was overruled by operation of law. Hiatt's counsel failed to timely pursue his appeal, and the Court of Criminal Appeals granted him habeas corpus relief in the form of an out-of-time appeal. Hiatt filed a second motion for new trial and perfected an appeal following the Court of Criminal Appeals's decision. Hiatt's second motion for new trial was subsequently overruled by operation of law.

## SUFFICIENCY OF THE EVIDENCE

In two issues, Hiatt challenges the legal and factual sufficiency of the evidence to support his convictions. Hiatt claims the evidence is legally and factually insufficient to support his conviction

for aggravated sexual assault of a child based on acts allegedly occurring on or about August 20, 2005. He also challenges the factual sufficiency of the evidence to support any of his other convictions.

When reviewing the legal sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "This standard accounts for the factfinder's duty 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Clayton*, 235 S.W.3d at 778 (quoting *Jackson*, 443 U.S. at 319). Thus, "in analyzing legal sufficiency, we 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Id.*

In reviewing the factual sufficiency of the evidence, we look at the evidence in a neutral light, giving almost complete deference to the jury's determinations of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). We may not reweigh the evidence or substitute our judgment for that of the jury under a factual sufficiency review. *Id.* at 417; *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).

Counts one through four of the indictment allege Hiatt committed the offense of aggravated sexual assault of a child. A person commits the offense of aggravated sexual assault of a child if,

with a child younger than fourteen years, the person intentionally or knowingly: (1) causes the penetration of the anus or sexual organ of the child by any means; or (2) causes the sexual organ of the child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2009). Counts seven through ten of the indictment allege Hiatt committed indecency with a child by contact. A person commits the offense of indecency with a child by contact if, with a child younger than seventeen years and not the person's spouse, the person engages in sexual contact with the child or causes the child to engage in sexual contact. *Id.* § 21.11(a)(1) (Vernon 2003).[1] "Sexual contact" includes the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *Id.* § 21.11(c).

Counts three and four of the indictment accuse Hiatt of committing aggravated sexual assault of a child by intentionally and knowingly causing D.H.'s sexual organ to contact and penetrate his anus and by penetrating D.H.'s anus with his finger on or about August 20, 2005. Hiatt claims the evidence is insufficient to support his convictions for these offenses because D.H. failed to provide precise details about the alleged abuse that occurred around August 2005. We disagree with Hiatt's contention.

---

[1] Texas Penal Code section 21.11 was amended after Hiatt's trial. *See* Act of May 30, 2009, 81st Leg., R.S., ch. 260, § 1, 2009 Tex. Sess. Law Serv. 709, 709 (amended 2009) (current version at TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 2009).

The record shows D.H. testified he was younger than fourteen years of age when he and Hiatt engaged in various sexual acts together.  D.H. stated he and Hiatt regularly masturbated each other to the point of ejaculation from 2004 until November 2005.  D.H. testified he visited Hiatt "pretty much every other weekend" and that he and Hiatt would take turns masturbating each other almost every time he visited Hiatt.  D.H. expressly stated these particular sexual acts occurred during June 2005, August 2005, and November 2005.

Besides engaging in acts of masturbation together, D.H. stated Hiatt "put his finger up . . . my anus" and "had me stick my . . . private area up his anus."  D.H. explained these acts would generally occur after the acts of masturbation had occurred, but that Hiatt had also inserted his finger into D.H.'s anus while Hiatt was masturbating him.  According to D.H., the acts of digital penetration and anal intercourse occurred sometime during June 2005.  When asked whether the acts also occurred during August 2005, D.H. indicated "those things happened in August [2005] as well."  D.H. further testified Hiatt touched him inappropriately up until his last visit to Hiatt's home, when Hiatt rubbed D.H.'s "pants near the crotch area."

Child victims of sexual crimes are afforded great latitude when testifying and they are not expected to testify with the same clarity and ability as is expected of a mature and capable adult. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).  The jury heard D.H. testify about having to put his private part into Hiatt's anus and having Hiatt's finger penetrate his anus in June 2005.  It further heard D.H. confirm "those things happened in August [2005] as well."  The jury, as the trier of fact, was free to draw reasonable inferences from D.H.'s testimony, including that "those things" referred to the acts of digital penetration and anal intercourse involving Hiatt. *See Hooper v. State*, 214 S.W.3d 9, 15-16 (Tex. Crim. App. 2007) (stating the jury, as the trier of fact,

may draw reasonable inferences from the facts).  In light of D.H.'s testimony, we conclude there is legally and factually sufficient evidence to sustain Hiatt's convictions for aggravated sexual assault as set forth in counts three and four of the indictment.

Turning to Hiatt's remaining sufficiency challenges, Hiatt alleges there is factually insufficient evidence to support the following findings by the jury: (1) he committed aggravated sexual assault of a child by intentionally and knowingly causing D.H.'s sexual organ to contact and penetrate his anus and by penetrating D.H.'s anus with his finger on or about June 18, 2005; and (2) he committed indecency with a child by intentionally and knowingly touching part of D.H.'s genitals and by causing D.H. to touch part of his genitals on or about June 18, 2005, August 20, 2005, and November 13, 2005.  As previously discussed, the jury heard ample testimony from D.H. concerning multiple instances of sexual misconduct by Hiatt on or about the dates alleged.  This testimony, by itself, is sufficient to sustain Hiatt's convictions for aggravated sexual assault of a child and indecency with a child by contact.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *Glockzin v. State*, 220 S.W.3d 140, 147 (Tex. App.—Waco 2007, pet. ref'd) ("The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault or indecency with a child.").  Moreover, the jury heard testimony from Dr. Nancy Kellogg, the physician who examined D.H. following the accusations against Hiatt.  Dr. Kellogg testified that D.H. informed her about multiple instances of abuse by Hiatt, which involved both touching and penetration, and that D.H. did not report the abuse because he was afraid of Hiatt.  Dr. Kellogg further testified that D.H.'s mannerisms and history were consistent with sexual abuse.

To support his claim of factual insufficiency, Hiatt points to the following: (1) the lack of medical or other evidence to corroborate D.H.'s allegations; (2) the unreliability of D.H.'s testimony

due to his use of a medication that alters its users' perception of the truth; (3) the allegedly contradictory/false statements made by D.H. during his testimony; and (4) the motive of various witnesses to fabricate accusations against him. None of these issues, however, renders the evidence factually insufficient to support Hiatt's convictions. First, the prosecution is not required to introduce any medical reports or other physical evidence to corroborate a child victim's testimony during trial. *See Glockzin*, 220 S.W.3d at 147. Second, Hiatt's remaining contentions all go to the credibility of the witnesses. "The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony," *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994), and "reconciliation of conflicts in the evidence is within the exclusive province of the jury." *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). The jury, as fact finder, apparently believed the testimony of D.H. and the other prosecutorial witnesses; therefore, we must defer to such credibility determinations on appeal. Accordingly, we hold the evidence is factually sufficient to support Hiatt's convictions. Hiatt's eighteenth and nineteenth issues are overruled.

## NEW TRIAL HEARING

In his first issue, Hiatt contends the trial court abused its discretion when it failed to conduct a hearing on his motions for new trial. "When an accused presents a motion for new trial raising matters not determinable from the record, which could entitle him to relief, the trial judge abuses his discretion in failing to hold a hearing." *King*, 29 S.W.3d at 569. A defendant must present a motion for new trial to the trial court within ten days of being filed. *Gardner v. State*, AP-75,582, 2009 WL 3365652, *17 (Tex. Crim. App. 2009). "The purpose of the presentment rule is 'to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it.'" *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009)

(citing *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998)). The Court of Criminal Appeals has acknowledged "there are many ways to show presentment of a motion for new trial to the trial court," but "merely filing a motion is insufficient." *Id.* at 24. Nonetheless, "'[p]resentment' must be apparent from the record, and it may be shown by such proof as the judge's signature or notation on the motion or proposed order, or an entry on the docket sheet showing presentment or setting a hearing date." *Gardner*, 2009 WL 3365652, at *17.

It is undisputed that there was no ruling on Hiatt's motions for new trial. The trial judge's signature does not appear on either Hiatt's motions for new trial or the proposed orders accompanying them. Additionally, there are no entries on the court's docket sheet showing presentment or the setting of a hearing date. The only suggestions of presentment appearing in the record include: (1) a statement in the motions for new trial that "THE DEFENDANT HEREBY PRESENTS THIS MOTION TO THIS HONORABLE COURT"; and (2) several anonymous notations and markings appearing on the copies of the motions for new trial filed with the trial court.[2] This evidence is insufficient to establish presentment.

Hiatt argues the inclusion of a statement in a motion for new trial reflecting "THE DEFENDANT HEREBY PRESENTS THIS MOTION TO THIS HONORABLE COURT" is an act of presentment. Courts have consistently rejected the notion that a statement, similar to the one at issue here, is sufficient to establish presentment. For example, in *Burrus v. State*, 266 S.W.3d 107, 115-16 (Tex. App.—Fort Worth 2008, no pet.), the court addressed whether presentment was established by a statement in a motion for new trial titled "Certificate of Presentment" along with a notation in the docket sheet stating that the motion for new trial was filed. The court determined

---

[2] Stars, underlining, and several other handwritten notations appear on several pages of the documents.

the certificate of presentment and the docket sheet notation were insufficient to establish that the trial court received actual notice of the motion for new trial and held the trial court did not err by failing to hold a hearing on appellant's motion for new trial. *Id.*; *see also Kaluza v. State*, No. 01-07-00737-CR, 2008 WL 2465891, *3 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (mem. op., not designated for publication) (holding a "certificate of presentation" appearing on the last page of appellant's motion for new trial did not establish presentment); *Larue v. State*, No. 09-05-145-CR, 2007 WL 1501646, *12 (Tex. App.—Beaumont 2007, pet. ref'd) (mem. op., not designated for publication) (holding a statement in the motion for new trial entitled "certificate of presentment" in which appellate counsel stated the motion was hand-delivered to the trial court insufficient to establish presentment); *Owens v. State*, 832 S.W.2d 109, 111-12 (Tex. App.—Dallas 1992, no pet.), *overruled on other grounds*, *Davis v. State*, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994) (holding a "Certification of Service and Presentment" was insufficient to establish the trial court received actual notice of the defendant's motion for new trial). As for the anonymous notations and markings appearing on the copies of the motions for new trial filed with the trial court, they too are insufficient to establish presentment. *See Stokes*, 277 S.W.3d at 25 (recognizing that anonymous notations at the end of a proposed order will not suffice to establish presentment).

After the parties filed their respective briefs, Hiatt's appellate counsel submitted a "Motion to Abate Appeal and Remand to the Trial Court." Hiatt's unverified motion discusses an off-the-record conversation counsel held with the trial judge concerning Hiatt's motions for new trial, where the judge "acknowledged that she had personally seen and was aware of both motions for new trial." Hiatt's motion seeks an abatement to provide the trial court with an opportunity to make findings of fact concerning the judge's actual notice of the motions for new trial.

The particulars of Hiatt's counsel's conversation with the trial court are not part of the official appellate record. The Court of Criminal Appeals has stated that an "appellate court may not consider factual assertions that are outside the record." *Jack v. State*, 149 S.W.3d 119, 121 n.1 (Tex. Crim. App. 2004). An affidavit attached to a motion filed in an appellate court is not part of the appellate record regarding trial court events, and thus cannot be considered as proof of the matters recited in the affidavit. *Id.* We therefore cannot consider Hiatt's counsel's assertions for the truth of the matter asserted and must deny Hiatt's request to abate the appeal. *See Hernandez v. State*, 84 S.W.3d 26, 32-33 (Tex. App.—Texarkana 2002, pet. ref'd) (refusing to abate appeal to trial court for findings of fact concerning the presentment of the motion for new trial despite an affidavit from former prosecutor indicating the trial court had actual notice of appellant's motion for new trial because the affidavit was outside the record).

Hiatt directs our attention to *Butler v. State*, 6 S.W.3d 636, 638 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd), in which the First Court of Appeals abated a case to the trial court for findings of fact on the issue of presentment. *Butler* is distinguishable, however, because in that case (1) the filing of the motion for new trial was noted with an entry in the court's computer system; and (2) a subsequent agreed setting form was executed. By contrast, there is no evidence of presentment in this case. Attached to the motions for new trial in this case were a proposed order setting a hearing date and a proposed order ruling on the motion. Both orders are blank and unsigned. Accordingly, *Butler* offers no support for abatement in this case.

In the absence of a proper showing that Hiatt's motions for new trial were presented to the trial court, the trial court did not abuse its discretion in failing to conduct a hearing on Hiatt's motions for new trial. Hiatt's first issue is overruled.

## MOTION FOR DNA TESTING

In his second issue, Hiatt alleges the trial court erred by denying his motion for DNA testing "of a Kleenex containing biological evidence that would prove [his] innocence." Article 64.01 of the Texas Code of Criminal Procedure provides a "convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material." TEX. CODE CRIM. PROC. ANN. art. 64.01(a) (Vernon 2006). The motion "may request forensic DNA testing only of evidence" containing biological material that "was secured in relation to the offense that is the basis of the challenged conviction." *Id.* art. 64.01(b). The statute confers jurisdiction on this court to review a trial court's order regarding post-conviction DNA testing in any case in which the death penalty is not imposed. *Id.* art. 64.05; *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd).

Hiatt states police reports reflect D.H. wiped his mouth with a tissue after allegedly performing oral sex on Hiatt to the point of ejaculation. He claims the tissue will rebut the allegations of sexual abuse because it will not contain any of his DNA. Although the record shows Hiatt filed his motion for DNA testing in conjunction with his second motion for new trial, the trial court has yet to rule on Hiatt's request for DNA testing. Thus, the trial court has not made an appealable finding as to the DNA issue. *Cf. Cravin v. State*, 95 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (holding a written order is required for an appeal from a convicting court's ruling on a post-conviction motion for DNA testing); *In re Johnston*, 79 S.W.3d 195, 198 (Tex. App.—Texarkana 2002, orig. proceeding) (concluding the trial court is required to

enter a written order in resolving a motion seeking DNA testing of evidence). We therefore decline to address the merits of Hiatt's second issue on appeal.[3]

### NEW TRIAL EVIDENCE

In issues three through ten and twenty-nine, Hiatt claims he is entitled to a new trial because: (1) his right to due process was violated when several of the State's key witnesses were allowed to present perjured testimony during trial; (2) the State failed to disclose allegedly exculpatory material to him prior to trial; and (3) there is additional new evidence relating to his case. Hiatt's allegations are based upon affidavits and evidence attached to his motions for new trial, which were never presented to the trial court and overruled by operation of law without a hearing. The Court of Criminal Appeals has held that post-trial motions, like Hiatt's motions for new trial, "are not self-proving and any allegations made in support of them by way of affidavit or otherwise must be offered into evidence at a hearing." *Rouse v. State*, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009); *see Lamb v. State*, 680 S.W.2d 11, 13 (Tex. Crim. App. 1984). Because the evidence Hiatt relies on was never offered or admitted at a hearing, we are precluded from considering such evidence on appeal. *See Rouse*, 300 S.W.3d at 762. Accordingly, these issues are overruled.

### MOTION TO QUASH

In his eleventh and twelfth issues, Hiatt claims the trial court should have granted his motion to quash the indictment because the "on or about" language used in the indictment failed to provide him with adequate notice of the charged offenses. Assuming Hiatt preserved this argument for

---

[3] Further, we are unable to construe Hiatt's second motion for new trial as an independent motion for DNA testing. Article 64.01 requires a defendant's motion for DNA testing to "be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion." TEX. CODE CRIM. PROC. ANN. art. 64.01(a). Hiatt's motion for new trial is not supported by an affidavit from the defendant, and thus fails to comply with the dictates of article 64.01(a).

appellate review, we are not persuaded by his contention. The Court of Criminal Appeals has held an indictment need not specify the precise date or a "narrow window of time" within which the charged offense occurred. *Garcia v. State*, 981 S.W.2d 683, 685-86 (Tex. Crim. App. 1998). It has further "cautioned that courts cannot impose unrealistic expectations regarding proof of when an offense actually occurred: '[I]t is not often that a child knows, even within a few days, the date that [he or] she was sexually assaulted." *Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006) (citation omitted). Hiatt has not demonstrated reversible error in connection with his motion to quash; therefore, his eleventh and twelfth issues are overruled.

### DOUBLE JEOPARDY

In four issues, Hiatt complains his convictions for both aggravated sexual assault and indecency with a child violate his double jeopardy rights under both the federal and state constitutions. The double jeopardy clause of the Fifth Amendment to the United States Constitution, applicable to all states through the Fourteenth Amendment, provides that no person shall "be subject to the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amends. V, XIV. The double jeopardy clause embodies three essential guarantees: (1) it protects against a successive prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). Article I, section 14 of the Texas Constitution provides the same double jeopardy protections as the United States Constitution. TEX. CONST. art. I, § 14; *Stephens v. State*, 806 S.W.2d 812, 814-15 (Tex. Crim. App. 1990).

As discussed above, Hiatt was indicted for the following offenses: (1) aggravated sexual assault of a child for causing D.H.'s sexual organ to contact and penetrate his anus on or about June

18, 2005 (count one); (2) aggravated sexual assault of a child for penetrating D.H.'s anus with his finger on or about June 18, 2005 (count two); (3) indecency with a child for touching D.H.'s genitals on or about June 18, 2005 (count seven); (4) indecency with a child for causing D.H. to touch part of his genitals on or about June 18, 2005 (count eight); (5) aggravated sexual assault of a child for causing D.H.'s sexual organ to contact and penetrate his anus on or about August 20, 2005 (count three); (6) aggravated sexual assault of a child for penetrating D.H.'s anus with his finger on or about August 20, 2005 (count four); (7) indecency with a child for touching D.H.'s genitals on or about August 20, 2005 (count nine); and (8) indecency with a child for causing D.H. to touch part of his genitals on or about August 20, 2005 (count ten). Hiatt argues "Counts 7 and 8 are lesser included offenses of Counts 1 and 2" and "Counts 9 and 10 are lesser included offenses of Counts 3 and 4." He thus concludes: "[s]ince there was no proof that separate acts of assault and indecency happened on August 20, 2005 or June 18, 2005, Counts 1, 2, 3, 4, 7, 8, 9, and 10 all charged [him] with committing the same crime and result in multiple punishment."

Separate charges of indecency with a child and sexual assault of a child are proper when the evidence indicates separate offenses took place. *See, e.g., Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding that when two penetrations were separated by a short period of time, two independent assaults occurred); *Bottenfield v. State*, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref'd) (holding even though appellant's two acts may have been committed during the same occurrence, appellant's touching of the victim's genitals with his finger was a separate and distinct criminal act from touching her genitals with his penis); *Murray v. State*, 24 S.W.3d 881, 889 (Tex. App.—Waco 2000, pet. ref'd) (holding defendant's double jeopardy rights were not violated by his punishment for both aggravated sexual assault and indecency with a child because the

evidence at trial showed he "committed two separate acts–penetrating the victim's sexual organ with his finger and touching her genitals with his tongue–that constituted two separate offenses"); *Hutchins v. State*, 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref'd) (affirming convictions for aggravated sexual assault and indecency with a child by contact because the acts, although close in time, were separate). Here, the record shows D.H. and Hiatt had multiple sexual encounters during the summer of 2005, during which Hiatt committed distinct offenses based upon different conduct. *See generally Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) ("[T]he 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period."). D.H. testified he and Hiatt masturbated each other almost every time he visited Hiatt, who he visited "pretty much every other weekend" from 2004 until November 2005. He specifically stated he and Hiatt masturbated each other during the months of June 2005 and August 2005 and testified Hiatt digitally penetrated his anus and made him engage in anal intercourse during those same months. D.H. explained the digital penetration and anal intercourse would generally take place after the acts of masturbation had occurred.

D.H.'s testimony discloses multiple instances of inappropriate touching and penetration during the summer of 2005, which justifies the State's prosecution of Hiatt for the offenses alleged in counts one, two, three, four, seven, eight, nine, and ten of the indictment. *See Hanson v. State*, 180 S.W.3d 726, 732-33 (Tex. App.—Waco 2005, no pet.) (affirming convictions for two counts of aggravated sexual assault and two counts of indecency with a child where evidence showed appellant: caused child victim's penis to contact his mouth; penetrated the child victim's anus with his penis; touched the child victim's genitals; and caused the child victim to touch his genitals).

Because counts one, two, three, four, seven, eight, nine, and ten of the indictment allege distinct offenses based on different conduct, and because the evidence supports the jury's findings on the counts, Hiatt's fourteenth, fifteenth, sixteenth, and seventeenth issues are overruled.

## JURY CHARGE

Hiatt argues the trial court erred by submitting a charge that allowed the jury to convict him on less than a unanimous verdict in violation of the Texas Constitution and Texas Code of Criminal Procedure. *See Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005) (recognizing a defendant is entitled to a unanimous verdict in felony cases). Hiatt alleges the court's charge was erroneous because it is conceivable jurors improperly "applied testimony regarding counts 1 and 2 to convict [him] on counts 3 and 4 and on 7 and 8 to convict [him] on counts 9 and 10." Although Hiatt asserts he was deprived of his right to a unanimous verdict, there is no jury unanimity problem in this case. The jury charge contained ten different counts, each relating to a separate and distinct offense. *See Bottenfield*, 77 S.W.3d at 359 (holding unanimity requirement not violated when charge stated "two separate counts with two separate and distinct offenses in each case"). In addition, the jury was not charged in the disjunctive, but was required to reach a verdict as to each count. Thus, no charge error exists on this basis. Hiatt's thirteenth issue is overruled.

## EVIDENTIARY RULINGS

### A.     Confrontation Clause

Hiatt asserts the trial court's limitation of his right to cross-examine D.H. and Crystal Espino violated his right of confrontation. Hiatt has failed to preserve his complaint for appellate review because he never made a Confrontation Clause objection at trial. *See Reyna v. State*, 168 S.W.3d 173, 179-80 (Tex. Crim. App. 2005) (holding appellate court erred in reversing conviction on

Confrontation Clause grounds because appellant did not "clearly articulate" to trial court that Confrontation Clause demanded admission of evidence in question). Hiatt's twenty-sixth, twenty-seventh, and twenty-eighth issues are overruled.

**B.      Texas Rule of Evidence 608(b)**

In four issues, Hiatt claims the trial court abused its discretion when it precluded him from asking D.H. and Espino about their character and truthfulness. Specifically, Hiatt complains about the trial court's failure to allow him to attack D.H.'s credibility regarding a stolen check and Espino's credibility based upon her misrepresentations on a credit application. Rule 608(b) of the Texas Rules of Evidence provides: "'[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence.'" *Lopez v. State*, 18 S.W.3d 220, 223 (Tex. Crim. App. 2000) (quoting TEX. R. EVID. 608(d)). It is apparent from the record that Hiatt sought to impeach D.H.'s and Espino's credibility by introducing evidence of specific instances in which they had engaged in improper conduct. Rule 608(b) prohibits such inquiry. We therefore overrule Hiatt's twentieth, twenty-second, twenty-third, and twenty-fifth issues.

**C.      Evidence of Bias/Prejudice**

In his twenty-first and twenty-fourth issues, Hiatt argues the trial court erred in sustaining the State's objection to defense counsel's cross-examination of Espino concerning whether she was ever sexually abused. After the trial court sustained the State's objection to defense counsel's line of questioning, the record indicates counsel informed the court that he would make a bill on the issue

later. Defense counsel, however, failed to make a bill of exception or offer of proof showing the testimony he expected to elicit from Espino.

"Error in the exclusion of evidence may not by urged unless the proponent perfected an offer of proof or a bill of exceptions." *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999). Failure to make an offer of proof or a bill of exception where the record does not show what the excluded testimony would have been or shown waives the complaint for appellate review. *Id.* Any error in the exclusion of the evidence was not preserved for review because Hiatt did not make an offer of proof or a bill of exception or otherwise make a reasonably specific summary of the evidence offered.[4] Accordingly, Hiatt's twenty-first and twenty-fourth issues are overruled.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

PUBLISH

---

[4] To the extent Hiatt argues he made an offer of proof in his attachments to his motion for new trial, we must reject his contention because he was required to develop the record before the charge on guilt was read to the jury. *See* TEX. R. EVID. 103(b); *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998); *Nixon v. State*, No. 12-07-00004-CR, 2008 WL 836495, *5 (Tex. App.—Tyler 2008, no pet.) (mem. op., not designated for publication).