

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00103-CR

Melvin **MARTIN**,
Appellant

v.

The **STATE** of Texas,

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR3537
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  April 1, 2015

AFFIRMED

Melvin Martin appeals his thirty-four convictions and sentences for sexual misconduct with a child. In six issues, he argues the trial court committed reversible error and he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Martin was indicted for thirty-six counts of sexual misconduct (including indecency, contact, and assault) with a child. Martin pled not guilty, and the State proceeded on all but one count. The jury convicted Martin on all of the remaining counts except one. Martin appeals.

## EXTRANEOUS BAD-ACT EVIDENCE

Citing to the child-victim's testimony in which she testified about more incidents of Martin's sexual misconduct than what the indictment charged, Martin argues the trial court erred by admitting evidence of extraneous bad acts. However, as Martin admits in his fourth issue, his trial counsel did not object to this evidence. Martin has waived this issue for appeal. *See* TEX. R. APP. P. 33.1(a)(1).

## MOTION FOR NEW TRIAL HEARING

In his second issue, Martin argues the trial court erred by denying him a hearing on his motion for new trial. The State responds Martin did not properly present the motion to the trial court. When a motion for new trial raises matters not determinable from the record, which could entitle him to relief, a trial court abuses its discretion in failing to hold a hearing. *Hiatt v. State*, 319 S.W.3d 115, 122 (Tex. App.—San Antonio 2010, pet. ref'd). A defendant must present a motion for new trial to the trial court within ten days of being filed. *Id.* The purpose of the presentment requirement is to put the trial court on actual notice that the defendant desires the trial court to hear or rule on the motion. *Id.* Presentment must be apparent from the record, and "it may be shown by such proof as the judge's signature or notation on the motion or proposed order, or an entry on the docket sheet showing presentment or setting a hearing date." *Id.*

Martin's motion for new trial was filed in December 2013, but the record contains no proof the trial court was made aware of the motion. Although the record contains a certificate of presentment signed by Martin's counsel stating that the motion was hand delivered to the "office" of the court, "[c]ourts have consistently rejected the notion that [such] a statement . . . is sufficient to establish presentment." *See id.* Because the record does not show Martin properly presented the motion for new trial, the complaint is waived.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his remaining four issues, Martin complains he received ineffective assistance of counsel. Sixth Amendment ineffective assistance of counsel claims are governed by *Strickland*'s two-prong test of determining whether trial counsel's representation was constitutionally deficient and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *accord Russell v. State*, 90 S.W.3d 865, 875 (Tex. App.—San Antonio 2002, pet. ref'd). "Any allegation of ineffectiveness must be firmly founded in the record." *Russell*, 90 S.W.3d at 875. To satisfy *Strickland*'s first prong on direct appeal, the record must demonstrate: (1) trial counsel's deficient performance of some act or failure to perform some act; and (2) trial counsel had no reasonable trial strategy for the act or omission. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A hearing on a defendant's allegations of ineffective assistance of counsel is ordinarily necessary to obtain reversal for ineffective assistance on direct appeal. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Martin's allegations of ineffective assistance are not firmly founded in the record. The record does not support Martin's complaint that trial counsel failed to strike venire members who expressed they would hold it against Martin if he failed to testify. Rather, the record shows that in response to the prosecutor's question of whether any venire member would hold it against Martin for not testifying, the venire panel responded, "No."

Martin's second complaint of ineffective assistance is that his trial counsel did not object to the child-victim's testimony that "included additional instances of sexual abuse that were unindicted" when "the complainant seemed unsure as to the number of times a particular incident may have occurred." Trial counsel could have had a reasonable trial strategy for not objecting on "extraneous bad act" grounds to an alleged child-victim's uncertainty about the number of times

Martin might have had improper sexual relations with her. Therefore, this allegation of deficient performance is not firmly founded in the record.

Martin's last two issues complain that trial counsel failed to communicate a plea offer, failed to investigate, and failed to subpoena a witness who was material to his defense. The only indication in the record of these alleged omissions is in Martin's self-serving affidavit. Martin's motion for new trial, which was not presented to the trial court and to which trial counsel had no opportunity to respond, does not satisfy the requirement that an allegation of ineffectiveness be firmly founded in the record. *See Flores v. State*, 18 S.W.3d 796, 800 (Tex. App.—Austin 2000, no pet.) ("There is no evidence in this record, other than appellant's late-filed and self-serving affidavit, to support his claims that his counsel was ineffective and that his guilty pleas were involuntarily made."); *Enard v. State*, 764 S.W.2d 574, 576 (Tex. App.—Houston [14th Dist.] 1989, no pet.) ("We find no evidence in the record that supports appellant's claim regarding his attorney's advice other than appellant's own self serving affidavit. There is no affidavit by trial counsel to support such claims."). Therefore, we hold Martin's allegations of ineffective assistance of counsel are not firmly founded in the record.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH