**Affirmed and Opinion Filed August 12, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00790-CR
No. 05-18-00791-CR

**JAISON DELBREY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 199-82370-2017 & 199-82371-2017**

## MEMORANDUM OPINION

Before Chief Justice Burns and Justices Myers and Carlyle
Opinion by Chief Justice Burns

Jaison Delbrey appeals his convictions for two counts of continuous sexual abuse of a child and two counts of indecency with a child. Following a jury trial, the court assessed punishment for the continuous sexual abuse convictions at forty-five years' confinement and for the indecency convictions at twelve years' confinement. In one issue, Delbrey complains the evidence was legally insufficient to support a finding of guilt on each count, relying on arguments addressing credibility, lack of corroborating evidence, and the adequacy of the police investigation. We affirm both judgments.

**I.**

For more than a year before the offenses, appellant lived with CF (Mother), his girlfriend, and her three young daughters, MC, CC, and AC, and her seventeen year-old son. RF. The girls

shared one bedroom which had no door, and RF slept on the couch in the living room. Mother and appellant shared a room. For several months while appellant lived with Mother and her family, Mother was required to leave her home by 3:30 or 4 a.m. to get to work. When Mother was at work, appellant was with the children.

On July 5, 2017, ten-year old MC told Mother appellant had been touching her and her sisters. MC informed Mother that appellant rubbed her stomach, put his hands in her pants, and touched her genitals. MC also told Mother that appellant made MC put her hand in appellant's pants and rub his penis. MC said appellant had "something weird on his penis." Mother believed MC was referring to a domino piercing on appellant's penis. CC, who was eleven at the time, also told her mother that appellant rubbed her stomach and put his hands in her pants. Nine-year old AC made essentially the same statements to Mother regarding appellant's conduct with her.[1] When Mother confronted appellant that evening, he denied the allegations and claimed RF was the assailant.

Each girl was interviewed by a police investigator. Subsequently, a nurse performed sexual assault examinations on MC and CC. Testing on the results of these examinations revealed no DNA connected to appellant.

After his arrest, appellant was interviewed by investigator Danny Stasik. At trial, Stasik stated appellant denied ever touching the girls inappropriately. Stasik also testified that appellant told Stasik appellant's daughter had seen MC and CC daring each other to touch his butt. Appellant told Stasik that CC and MC climbed into appellant's bed and touched his penis, and CC rubbed her genitals on his hand while he was sleeping. Appellant also informed Stasik that the girls had been grounded for touching each other in a sexual manner. Appellant asserted the girls could have

---

[1] During her forensic interview, AC stated appellant did not touch her inappropriately and said she had told Mother otherwise because her sisters had told her appellant had touched her. Appellant was not charged with any counts based on any conduct with AC and AC did not testify at trial.

known about the domino piercing on his penis because they could have seen a photo of his penis on Mother's phone.

Appellant was charged with continuous sexual abuse of MC and indecency by contact against MC, and in a separate cause, charged with the same offenses against CC. He pleaded not guilty. At trial, Mother testified about the information each girl had provided when they told her about the abuse, the piercing on appellant's penis and that appellant was "credited" for having the victims' father deported because of a crime reported by appellant. Mother did not believe any of the girls knew appellant "was the reason" their father was deported.

MC testified appellant got into the bed she shared with her sisters or carried her to Mother's bed. MC testified that many times, appellant pretended to sleep but would rub her stomach with his hand and gradually rub deeper into her pants and touch her privates. According to MC, appellant also touched her breasts. On one specific occasion when appellant tried to touch her privates, MC testified she grabbed his hand and removed it from her pants. MC stated that on a separate instance, in Mother's bed, appellant put her hand in his pants and forced her to touch his penis. She did not testify about anything unusual about appellant's penis, and said no one ever took pictures of her when she was undressed. MC also testified that she observed appellant touch CC in the same manner he had touched her. An investigator testified that during MC's forensic interview, MC was upset that her father was in Mexico and MC testified that she spoke to her father on the phone every day.

CC testified that on more than one occasion, either early in the morning or late at night, appellant came into the room where she slept and rubbed her stomach and touched her "private." She said she also saw appellant touch MC in the same manner. CC also testified that once while she was on Mother's bed while Mother was at work, appellant touched and licked her breasts, and used his phone to take pictures of her breasts. In addition, CC testified that appellant forced her

to touch his penis with her hand several times. She did not describe any piercings, tattoos, or anything unusual about appellant's penis.

After hearing this, and additional evidence, the jury found appellant guilty of continuous sexual abuse on two counts, one related to MC and one related to CC, and indecency with a child by contact on two counts, one related to MC and one related to CC. In one point of error, appellant contends the evidence was legally insufficient to support the judgments on each count.

**II.**

In reviewing a sufficiency of the evidence challenge in a criminal case, we examine the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307 (1979); *Lucio v. State,* 351 S.W.3d 878, 894 (Tex. Crim. App. 2001). By viewing all the evidence, we determine whether both the explicit and implicit findings of the trier of fact are rational. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). If contradictory inferences exist in the record, we must presume the trier of fact resolved such conflicts in favor of the verdict. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We do not resolve conflicts of fact, weigh evidence, or evaluate the credibility of the witnesses. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, the trier of fact alone judges the witnesses' credibility and determines the weight afforded their testimony. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex. Crim. App. 1984). The trier of fact and may choose to disbelieve any part of a witness's testimony, *see Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), and we afford almost complete deference to the fact-finder's decision if the decision rests upon an evaluation of credibility. *Revels v. State,* 334 S.W.3d 46, 53 (Tex. App.— Dallas 2008, no pet.). "Each fact need not point directly and independently to the guilt of the

appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits the offense of continuous sexual abuse[2] of a child, if during a period that is 30 days or more in duration, the person commits two or more acts of sexual abuse. TEX. PENAL CODE § 21.02(b)(1), (c). The offense of indecency with a child occurs if, a person touches the breast of a child under the age of seventeen. TEX. PENAL CODE § 21.11(a), (c). The testimony of a child victim without any corroboration will support conviction for continuous sexual abuse of a child and indecency with a child. *See* TEX. CODE CRIM. PROC. art. 38.07; *Tear v. State,* 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd) (uncorroborated child victim testimony sufficient to support conviction for sexual assault); *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (affirming uncorroborated conviction for indecency with a child).

As detailed above, the testimony of MC and CC included all elements of each offense charged against appellant based on his respective contact with each. Each girl testified that for a period of more than thirty days, appellant engaged in sexual contact with them by (1) touching their "private," or genitals, (2) touching their breasts, and (3) placing their hands on his penis. Their uncorroborated testimony alone suffices to support conviction on each count. *Tear,* 74 S.W.3d at 560; *Jones,* 428 S.W.3d at 169. Mother also testified regarding the details of MC's and CC's outcry. A child victim's outcry statement alone can likewise suffice to support conviction on these counts. *Tear,* 74 S.W.3d at 560. The evidence is therefore legally sufficient to prove

---

[2] For purposes of Texas Penal Code § 21.02(b)(1) and (c) "an act of sexual abuse" means "any act that is a violation of one or more of the following penal laws: . . . (2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child; [or] (3) sexual assault under Section 22.011; (4) aggravated sexual assault under Section 22.021 . . .". TEX. PENAL CODE § 21.02.

appellant committed the offenses of continuous sexual abuse of a child and indecency with a child by contact against MC and CC. Accordingly, we conclude the evidence was legally sufficient to support appellant's conviction. *See Hiatt v. State*, 319 S.W.3d 115, 121–22 (Tex. App.—San Antonio 2010, pet. denied) (finding evidence sufficient for indecency with a child and aggravated sexual assault of a child despite alleged contradictory statements made by child victim).

In reaching our conclusion, we necessarily reject appellant's arguments regarding (1) MC's and CC's credibility; (2) the absence of corroborating evidence; (3) MC's and CC's motive to fabricate; and (4) the incomplete police investigation. Changes in details between the victims' outcries or statements to investigators[3] and their trial testimony are credibility issues. The jury was entitled to determine the weight assigned to the testimony of each witness and resolve any conflicts in the evidence, and we presume it did so. *Tear,* 74 S.W.3d at 561. To the extent appellant further relies on the absence of corroborating physical evidence, such as photos of CC on his phone and DNA evidence, we follow well-established precedent in holding that uncorroborated victim testimony alone is sufficient to support appellant's convictions and the State had no obligation to provide corroborating medical or physical evidence. *Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.). Moreover, sexual assault cases are frequently tried without any physical evidence and credibility is thus a "central, often dispositive, issue." *Hammer v. State,* 296 S.W.3d 555, 561-62 (Tex. Crim. App. 2009). The absence of corroborating photographs or DNA evidence has no bearing on the sufficiency of the evidence in these cases.

Appellant also contends his role in MC's and CC's father's deportation provided a motive for them to fabricate the allegations. We must presume, however, that the jury resolved any

---

[3] The girls' statements during their forensic interviews were offered through the investigators who conducted or observed the respective interviews.

credibility issues in favor the verdict and we defer to that resolution. *Smith v. State,* 352 S.W.3d 55, 63 (Tex. App.—Fort Worth 2011, no pet.); *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000) ("[D]ue deference must be accorded the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence."). The possibility of a motive to fabricate accordingly does not diminish the legal sufficiency of the evidence supporting the judgments.

Finally, appellant contends the "State's sloppy and incomplete investigation leaves obvious reasonable doubt." Specifically, appellant contends the State failed to interview RF who could have been a suspect or a witness; failed to ask appellant's daughter about her observation of the victims engaging in inappropriate sexual conduct; and failed to search Mother's phone for a picture of appellant's penis to determine whether the girls might have learned about the domino piercing from such a photo. Our review concerns the sufficiency of the evidence presented at trial, however, rather than the sufficiency of the police investigation, and we do not speculate about evidence the State did not present. *See Merritt v. State*, 368 S.W.3d 516, 526 (Tex. Crim. App. 2012) (concluding appellate court "improperly used a 'divide and conquer' approach, separating each piece of evidence offered to support Appellant's conviction, followed by speculation on the evidence State did not present"). Thus any deficiencies in the investigation have no bearing here, given the ample evidence supporting each count. We overrule appellant's sole issue.

Because we conclude sufficient evidence was presented to support the jury's determination of guilt beyond a reasonable doubt, we affirm.

/Robert D. Burns, III/

ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180790F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAISON DELBREY, Appellant

No. 05-18-00790-CR          v.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-82370-2017.
Opinion delivered by Chief Justice Burns, Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 12, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAISON DELBREY, Appellant

No. 05-18-00791-CR      v.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-82369-2017.
Opinion delivered by Chief Justice Burns, Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 12, 2019.