

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00185-CR

———————————————

GORDON RAY LEWIS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12234

Concurring Memorandum Opinion by Justice Birdwell

**CONCURRING MEMORANDUM OPINION**

The record suggests that Lewis's trial counsel might not have properly navigated the transition from the trial court to the appellate court. *See Burnett v. State*, 959 S.W.2d 652, 655–56 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). I write separately to voice my concerns.

## I. THE DEADLINES START

In March 2022, Lewis filed a "Motion for Forensic DNA Testing under Chapter 64 of the Code of Criminal Procedure" (DNA motion). On August 30, 2022, the trial court held a hearing on Lewis's motion, and on February 16, 2023, the trial court signed an order denying it. This written order started the appellate timetables. *See Hiatt v. State*, 319 S.W.3d 115, 124 (Tex. App.—San Antonio 2010, pet. ref'd); *Cravin v. State*, 95 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

## II. THE FIRST DEADLINE

A notice of appeal was due thirty days after the order was signed, Saturday, March 18, 2023, or effectively Monday, March 20, 2023. *See* Tex. Code Crim. Proc. Ann. art. 64.05; Tex. R. App. P. 4.1(a), 26.2(a)(1). Lewis missed this first appellate deadline.

## III. THE SECOND DEADLINE

Although Lewis had missed the first appellate deadline, he still had a fifteen-day grace period during which he could have saved his appeal. Rule 26.3 of the Texas Rules of Appellate Procedure allows an appellate court to grant an extension of up to

fifteen days to file a notice of appeal if the appellant (1) files in the trial court a notice of appeal and (2) files in the appellate court a motion to extend time to file the notice of appeal that complies with Rule 10.5(b) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 26.3(a)–(b). This deadline would and did lapse on April 4, 2023. The record shows what trial counsel did during this fifteen-day grace period.

## IV. TRIAL COUNSEL'S MOTION TO WITHDRAW

On March 21, 2023—one day after the first appellate deadline had lapsed but still within the fifteen-day grace period—Lewis's trial counsel filed a motion to withdraw. Counsel stated that she had been appointed to represent Lewis only for the DNA motion, that the work for which she had been appointed was complete, that the trial court denied Lewis's DNA motion on February 16, 2023, and, thus, she should be removed as Lewis's attorney of record.[1]

Regarding appeals, the motion's only reference to them was that "[t]he Defendant ha[d] otherwise exhausted all his appeals following his conviction." This aspect of the motion raises two red flags. First, Lewis would not have been appealing his conviction; rather, he would have been appealing the denial of his DNA motion.[2] But more importantly, second, when trial counsel filed this motion on March 21,

---

[1]If trial counsel thought the case was over, why she thought it was necessary to withdraw is not clear.

[2]This may be nothing more than a cut-and-paste error.

3

2023, Lewis still had until April 4, 2023, to file a motion to extend the time to file his notice of appeal. *See* Tex. R. App. P. 26.3.

Significantly, in the motion to withdraw, trial counsel did not state that she had forwarded a copy of the trial court's February 16, 2023 order to Lewis, advised him of his appellate rights, or informed him of his appellate deadlines. *See* Tex. R. App. P. 6.5(a)(1) (requiring a list of the current deadlines). Nor did the motion advise Lewis of his right to object. *See* Tex. R. App. P. 6.5(a)(4) (requiring counsel to advise client of his right to object to the motion). Her motion was deficient.

Finally, trial counsel stated that she had faxed a copy of her motion to withdraw to Lewis at the Hood County Jail, which, she asserted, was Lewis's last known address. The record, however, appears to belie this assertion. The record shows that trial counsel had visited Lewis in the penitentiary in Tennessee Colony on March 16, 2023—just five days before she filed her motion to withdraw. Trial counsel thus knew that Lewis was no longer in the Hood County Jail.

Despite the motion's deficiencies, her motion to withdraw was granted on March 22, 2023.

## V. THE THIRD DEADLINE

In the context of an order denying a motion for DNA testing, if neither the defendant nor his attorney received notice or had actual knowledge of the order within twenty days of its signing, the timetables begin to run "on the earliest date when the defendant or [his] attorney received notice or acquired actual knowledge of

4

the signing." Tex. R. App. P. 4.6(a). If Lewis were to perfect his appeal, Rule 4.6 became his last option.

## VI. LEWIS'S ATTEMPT TO COMPLY WITH RULE 4.6

About a month after trial counsel had been removed, by a letter dated April 21, 2023, and an accompanying motion, Lewis requested the appointment of counsel to appeal the denial of his DNA motion. Lewis did not complain about not having an opportunity to object to trial counsel's withdrawal. The motion, however, implicitly acknowledged that Lewis was aware that he no longer had counsel.

Several weeks later, on June 7, 2023, the trial court appointed appellate counsel to represent Lewis. Appellate counsel promptly filed a "Motion for Additional Time to File Notice of Appeal" and a notice of appeal in the trial court on June 9, 2023. Appellate counsel relied specifically on Rule 4.6 of the Texas Rules of Appellate Procedure.

On June 30, 2023, the trial court granted the motion for additional time and ordered the notice of appeal filed. The order, in its entirety, provided, "On this day the Motion for Additional Time to File Notice of Appeal came on to be considered. After consideration, the Motion is . . . GRANTED, and the Clerk is ordered to file the Notice of Appeal."

### A. Abatement

Based on the order itself, the trial court did not appear to have held an evidentiary hearing. More importantly, the trial court had not determined, as required

by Rule 4.6(c), "the earliest date when the defendant or the defendant's attorney received notice or acquired actual knowledge that the trial judge signed the appealable order and whether this date was more than twenty days after the judge signed the appealable order." Tex. R. App. P. 4.6(c). Accordingly, on December 21, 2023, we abated Lewis's appeal for an evidentiary hearing to clarify the jurisdictional issues. *See Lewis v. State*, No. 02-23-00185-CR, 2023 WL 8820311, at *6 (Tex. App.—Fort Worth Dec. 21, 2023, order) (mem. op., not designated for publication).

## B. Abatement hearing

The trial court conducted the requested hearing on January 12, 2024. At this hearing, the trial court disclosed that it had conducted a hearing on June 30, 2023, before granting Lewis's Rule 4.6 motion and made the reporter's record of that hearing part of the supplemental record.

### 1. The June 30, 2023 hearing

At the June 30, 2023 hearing, Lewis's appellate counsel asserted that he had not been notified of the February 16 order within twenty days of its signing—likely because the trial court had not appointed him until well after the deadline—and that, at least implicitly, appellate counsel thus could not have informed Lewis within that twenty-day period either. In response, the State asserted that it had no objection to the court finding that neither Lewis nor his attorney had notice or actual knowledge of the order until after the twentieth day. The trial court granted Lewis's Rule 4.6 motion.

6

## 2. Additional evidence

But the abatement hearing did not stop with the clarification that the trial court had previously conducted an evidentiary hearing on Lewis's Rule 4.6 motion. The trial court heard additional evidence. Unlike at the June 30, 2023 hearing, at the abatement hearing, both Lewis and his trial counsel testified.

### a. Trial counsel

Trial counsel testified that she—along with the Innocence Project—represented Lewis on his DNA motion.[3] She did not remember when she received actual notice of the trial court's February 16 order. When asked if she had any record indicating when she received notice, she answered, "I don't. Usually, we get something through e-file and you get a file-marked copy and it's got the section -- the second page, but I never -- I never got that."[4]

Trial counsel was, however, aware of a January 11, 2023 letter from the court informing the parties that it was denying Lewis's DNA motion and instructing the

---

[3]The trial court's order appointing her had appointed only trial counsel.

[4]The record is silent on what the trial court's own records showed regarding notice. We inquired about supplementing the record with the trial court's e-filing record to see what it showed regarding when the judgment was served upon Lewis's trial counsel and when, if noted, the service was acknowledged. *See, e.g.*, *CSL S Weatherford, LLC. v. Arens*, 668 S.W.3d 431, 434 (Tex. App.—Fort Worth 2023, pet. denied) (relying on electronic filing manager to show when counsel had received the notification and when he had opened it); *Eyre v. Easter Invs., Inc.*, No. 12-18-00001-CV, 2018 WL 4766554, at *5 (Tex. App.—Tyler Oct. 3, 2018, no pet.) (mem. op.) (relying on record to show that defendants were electronically served with trial-setting notice and that they did not open the notification). We were not able to supplement the record with any such trial court documents.

State to draft an order. Trial counsel said that she had gone to the jail and had informed Lewis of the trial court's decision and that an order would be forthcoming. Trial counsel also asserted that on January 27, 2023, Lewis sent a letter to the Innocence Project in which he acknowledged that trial counsel had informed him of the trial court's decision. As of that date, however, the trial court had not yet signed the order.

Regarding knowledge of the February 16, 2023 order itself, trial counsel said that she had actual knowledge of it within twenty days after it was signed. Trial counsel further asserted that within two weeks after the February 16, 2023 order, she visited Lewis and gave him a copy. Trial counsel stated that she had also sent Lewis a copy of the order within two weeks after she received it.

But trial counsel further acknowledged that in March, Lewis complained that he had not received a copy of the order. Trial counsel said that when she visited him at the penitentiary in Tennessee Colony on March 16, 2023, she gave Lewis another copy. She also said that on March 21, 2023, she sent him yet another copy; she commented, "And I said, ['Y]ou know, I don't know what happened. I thought I had sent this to you, but here's a copy of the order.[']"[5]

_____

[5]March 21, 2023, is the same day trial counsel filed her motion to withdraw without any reference to pending appellate deadlines. Combined with this deficiency in her motion, there is no evidence in the record that she ever discussed or took any action to preserve Lewis's right to appeal the signed order. Nor is there any evidence in the record that, after any such discussion, Lewis told her he did not wish to appeal the order.

### b. Lewis

Lewis testified that on January 27, 2023, he knew that the trial court had denied his DNA motion but that the trial court had not yet signed an order. Lewis initially said that he did not know about the actual order until trial counsel visited him on March 16, 2023, and by that point, he believed the deadlines had already lapsed.[6] Lewis said that trial counsel had seemed surprised that he did not know about the order.

Later though, Lewis indicated that he and trial counsel had a March 8, 2023 telephone conversation, but he did not appear to have any notes or recollection regarding what they discussed. In any event, Lewis acknowledged that he would have known about the order by March 16, 2023.

### 3. Trial court's findings

The trial court signed an order containing findings that both trial counsel and Lewis had notice of its order by March 2, 2023, which was less than twenty days after it had signed the February 16, 2023 order.

## VII. DISCUSSION

Here, Lewis has not disputed the trial court's factual findings. Accordingly, I agree with the majority that because both trial counsel and Lewis had actual knowledge of the February 16, 2023 order within twenty days of its signing, Lewis cannot rely on

---

[6]Lewis's assessment was incorrect. He had until April 4, 2023, to file a motion to extend time to file a notice of appeal along with a notice of appeal. *See* Tex. R. App. P. 26.3.

Rule 4.6. *See* Tex. R. App. P. 4.6(a). I also agree that Lewis's notice of appeal was thus untimely and that his appeal must be dismissed for want of jurisdiction.

So although the trial court originally granted Lewis the Rule 4.6 extension he needed to invoke this court's appellate jurisdiction (without objection from the State), the trial court's subsequent abatement findings have deprived this court of its jurisdiction—even though such findings are based on trial counsel's utterly undocumented and otherwise uncorroborated testimony as to when she told him about the signed order. *See Cooper v. State*, 673 S.W.3d 724, 735 (Tex. App.—Fort Worth 2023, no pet.) ("When reviewing a trial court's ruling on a Chapter 64 motion, . . . we give almost total deference to the trial court's resolution of historical fact issues supported by the record and applications-of-law-to-fact issues turning on witness credibility and demeanor . . . ."). I find this quite troubling, particularly since had the trial court provided the transcript of the original evidentiary hearing of June 30, 2023, we likely would not have abated the appeal to obtain such a hearing and would have proceeded to address the merits of Lewis's appeal.

Nonetheless, given the current state of the record, I have no choice but to concur in the dismissal of Lewis's appeal.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 21, 2024

10